IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATHANIEL STEWARD,

    Plaintiff,

  v.                              No. 16-CV-1374-RB-CG

FNU HODGES, CORIZON MEDICAL
DEPARTMENT, FNU FERNANDO,
FNU LOZOYA, ROBIN BRUCK,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

This matter is before the Court *sua sponte* under 28 U.S.C. §§ 1915(e)(2) and 1915A on Plaintiff Nathanial Steward's civil rights complaint (Doc. 1) and Memorandum of Law (Doc. 6). Also before the Court is Plaintiff's motion for extension of time to pay the initial partial payment ordered by the Court pursuant to 28 U.S.C. § 1915(b)(1). (Doc. 13.) Plaintiff is incarcerated, appears pro se, and is proceeding *in forma pauperis*. For the reasons explained below, Plaintiff's motion for extension of time will be denied as moot, Plaintiff's complaint will be dismissed without prejudice for failure to state a claim on which relief may be granted, and Plaintiff will be granted 30 days from the date of entry of this order to file an amended complaint.

**I.    BACKGROUND**

On December 16, 2016, Plaintiff filed a civil rights complaint against the following Defendants: (1) Deputy Warden Hodges; (2) Corizon Medical Department; (3) Nurse Fernando; (4) Officer Lozoya; and (5) Grievance Officer Robin Bruck. (Doc. 1) Plaintiff alleges that on July 2, 2016, he was "involved in an altercation" with another inmate, during which he was "shot

by Officer Lozoya" with a "shotgun beanbag." (*Id.* at 5.) After the shooting, Plaintiff alleges that he was denied "proper treatment for whatever is going on with him mentally as well as physically." (*Id.*) Plaintiff contends that he submitted multiple informal complaints and formal grievances, but his informal complaints and formal grievances were lost, unanswered, denied, or deemed resolved, even though they were not resolved to his satisfaction. Plaintiff alleges that Defendants have acted in bad-faith and denied him access to the Court, because they "won't answer his last step in the grievance process." (*Id.*)

Attached to Plaintiff's complaint are various Inmate Informal Complaints and Grievances filed by Plaintiff, as well as Plaintiff's correspondence with multiple law firms. (*Id.* at 13–37.) With respect to relief, Plaintiff's complaint does not seek damages or injunctive relief, since such relief "would be premature at this time unless court stated exhaustion is complete." (*Id.* at 11.) Rather, "at this time [Plaintiff] only wants to be heard fully in accordance to the D.O.C. state policy (CD Policy) in a good faith process, or answer the unanswered ones and take the process serious." (*Id.*)

On January 13, 2017, Plaintiff filed a Memorandum of Law, which reiterates Plaintiff's claim that "the corrections here are using the exhaustion requirement to defeat valid constitutional claims." (Doc. 6 at 1.) Attached to Plaintiff's Memorandum of Law were three Inmate Grievances, which previously had been submitted to the Court as attachments to Plaintiff's civil rights complaint, with the notable difference that these Inmate Grievances reflect that Plaintiff completed the final part of the form entitled "Step 5 – Departmental Appeal." (*Compare* Doc. 1 at 23–27, *with* Doc. 6 at 6-12.) There is no indication that Plaintiff's "Departmental Appeal" was submitted to the appropriate grievance officers and, if so, on what date the submission took place. (Doc. 6 at 6–12.)

On January 18, 2017, the Court granted Plaintiff's Application To Proceed In District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915 and ordered Plaintiff to submit an initial partial payment in the amount of $40.83 pursuant to § 1915(b)(1)(A). (Doc. 7.) Plaintiff timely submitted his initial partial payment on February 21, 2017. (*See* Docs. 9, 10.) On March 9, 2017, Plaintiff submitted a motion for extension of time to submit the initial partial payment. (Doc. 13.)

## II. DISCUSSION

First the Court will address Plaintiff's motion for extension of time (Doc. 13), and then the Court will screen the merits of Plaintiff's civil rights complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A(b).

### A. The Court Will Deny Plaintiff's Motion for Extension of Time as Moot

On March 9, 2017, Plaintiff moved for an extension of time in which to submit the initial partial payment of $40.83, because the necessary funds were not deposited into his inmate account until February 15, 2017. (Doc. 13.) The docket reflects that Plaintiff's initial partial payment was timely submitted to the Court on February 21, 2107. (Doc. 10.) Therefore, no extension of time is needed and Plaintiff's motion will be denied as moot. Plaintiff is reminded that he is "required to make monthly payments of 20 percent of the preceding month's income" credited to his inmate account until the $350 filing fee is paid in full. 28 U.S.C. § 1915(b).

### B. The Court Will Dismiss Plaintiff's Civil Rights Complaint without Prejudice

The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* under §§ 1915(e)(2)(B) and 1915A at any time if the action is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff

cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  The burden is on the plaintiff to frame a complaint that contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Plaintiff is proceeding pro se, and "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Therefore, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*.  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*

It appears that Plaintiff is claiming that his constitutional rights have been violated by Defendants' alleged failure to respond appropriately to his informal complaints and formal grievances.  This claim lacks merit because "there is no independent constitutional right to state administrative grievance procedures. . . . Nor does the state's voluntary provision of an administrative grievance process create a liberty interest in that process." *Boyd v. Werholtz*, 443 F. App'x 331, 332 (10th Cir. 2011).  The refusal to entertain an inmate's grievances does not implicate the inmate's constitutional right of access to the courts.  *See Flick v. Alba*, 932 F.2d

728, 729 (8th Cir. 1991) ("When the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievances.") (per curiam).  Although an inmate is required to exhaust available administrative remedies before filing an action in federal court, *see* 42 U.S.C. § 1997e(a), the United States Court of Appeals for the Tenth Circuit has "held that when a prison official prevents a prisoner from accessing the administrative grievance process, administrative remedies are 'unavailable' such that the prisoner may proceed directly to court without first exhausting the grievance process." *Fogle v. Gonzales*, 570 F. App'x 795, 797 (10th Cir. 2014).  Defendants' alleged failure to respond to Plaintiff's informal complaints and inmate grievances in no way prevented or hindered Plaintiff from bringing suit in the present case and, therefore, Plaintiff's lack of access-to-the-courts claim is frivolous.  *See id.*

Plaintiff's complaint also appears to allege that Plaintiff was denied his Eighth Amendment right to be free from cruel and unusual punishment when he was shot by Officer Lozoya and then denied medical care for his physical and psychological injuries.  (Doc. 1 at 5–6.)  "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (internal quotation marks and citation omitted).  An Eighth Amendment claim is comprised of two components:  (1) an objective component, which "asks if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation," and (2) a subjective component, "under which the plaintiff must show that the officials acted with a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2013) (internal quotation marks and citation omitted).  With this standard in mind, the Court first will

address Plaintiff's excessive force claims and then will consider his medical care claims.

"Where a prison security measure is undertaken to resolve a disturbance . . . that indisputably poses significant risks to the safety of inmates and prison staff, . . . the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether the force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986). When evaluating an excessive force claim, the Court should consider "such factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of the injury inflicted." *Id.* (internal quotation marks and citation omitted). "From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Id.* at 321. "But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of the forceful response." *Id.*

The sparse facts in Plaintiff's complaint are insufficient to support a reasonable inference that Officer Lozoya shot Plaintiff with a beanbag maliciously and sadistically for the very purpose of causing harm, as opposed to acting in a good faith effort to maintain or restore discipline by breaking up a fight between two inmates. *See Anderson v. Virga*, No. 2:15-CV-1148-KJM-EFB P, 2017 WL 1179142 at *4 (E.D.Ca. March 29, 2017) (finding plaintiff's allegation that he was shot by a less-lethal block gun to quell a disturbance in the prison yard was insufficient to support "a plausible inference that [the defendant] maliciously and sadistically shot him to harm him"). Although Plaintiff alleges that "Officer Lozoya could have refrained

6

from shooting Plaintiff with the shotgun bean bag" because "there was a response team at the Pod's door waiting for Officer Lozoya to open it so they could restrain Plaintiff," he fails to allege that Officer Lozoya actually knew about the presence of the response team and failed to temper the severity of his forceful response. Because the facts alleged in Plaintiff's complaint are insufficient to establish that Officer Lozoya acted with the requisite state of mind, Plaintiff's excessive force claims will be dismissed without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) and 1915A(b).

Plaintiff also alleges that he was deprived of adequate medical care, but he fails to explain the nature and extent of his injuries, whether Defendants were aware of his need for medical care, what medical care, if any, was provided to him, and what additional medical care, if any, was required. Thus, the factual allegations in Plaintiff's complaint are insufficient to establish that Plaintiff's medical needs were sufficiently serious to satisfy the objective component of the Eighth Amendment standard. *See Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) ("A medical need is sufficiently serious if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.").

Additionally, the factual allegations in Plaintiff's complaint are insufficient to satisfy the subjective component of the Eighth Amendment standard by supporting a reasonable inference that Defendants acted with a culpable state of mind, i.e., that Defendants each were aware of and disregarded an excessive risk to Plaintiff's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of

facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference"). Therefore, Plaintiff's medical care claims will be dismissed without prejudice for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii) and 1915A(b).

Plaintiff may be able to cure the deficiencies in his complaint with additional factual allegations. Accordingly, the Court will afford Plaintiff 30 days in which to file an amended complaint.  Plaintiff's amended complaint must "make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).  This is because "[w]hen various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive-voice showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights." *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013).  "Rather, it is incumbent upon a plaintiff to identify *specific* actions taken by *particular* defendants in order to make out a viable § 1983" claim.  *Id.* (internal quotation marks and citation omitted). Specifically, Plaintiff's amended complaint "must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  Failure timely to file an amended complaint that states a claim on which relief may be granted may result in the dismissal of this action without prejudice without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Extension of Time (Doc. 13) is **DENIED as moot**;

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** and Plaintiff is granted 30 days in which to file an amended complaint that states a claim on which relief may be granted;

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to send to Plaintiff, together with a copy of this order, a form § 1983 complaint, with instructions.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE